BRADLEY v. NEW YORK CENTRAL RAILROAD COMPANY, appellant.

*Master and servant — person employed temporarily — Negligence — what relieves from care — Agent — authority of.*

The track-master of a railroad company employed plaintiff with his team to clean snow from the track and told plaintiff that he would let him know the time the trains would come. Plaintiff while at work was injured by a passing train of which he had no warning. *Held* ( GILBERT, J., dissenting), that (1) plaintiff was not a servant of the railroad company ; (2), that plaintiff had a right to rely upon the assurance that warning would be given and so be relieved from watching for trains ; and (3) that the track-master as incident to his right to employ laborers for the railroad company and set them to work, was authorized to give such assurance.

APPEAL from an order denying a new trial and from a judgment entered upon a verdict of a jury in favor of plaintiff in an action tried at the Oneida circuit in June, 1871.

The action was brought by the plaintiff, William H. Bradley, to recover damages for injuries received by him while employed in scraping snow from the defendant's tracks at Verona, in the county of Oneida, on the 26th day of January, 1867, under the following circumstances: On that day plaintiff, who was a farmer in the

neighborhood, was drawing wood to the Verona station. The weather was stormy and large quantities of snow had accumulated upon the tracks of the defendant. The track-master of defendant, one Hugh Conley, asked plaintiff to assist with his team in scraping the snow from the tracks. At first plaintiff declined to do so, but upon the urgent request of the track-master finally consented and went to work. It was claimed on the part of the plaintiff that at the time of making the agreement in regard to the scraping, the track-master agreed to give plaintiff notice of the approach of the trains, but this was denied by defendant. Evidence was given tending to substantiate the allegation of each party, the plaintiff testifying to the agreement and Conley denying that he made any such promise.

In the afternoon of the day mentioned, while plaintiff and an employee of the defendant were scraping, an express train of defendant which was overdue, while passing Verona station, struck plaintiff and seriously injured him. At the same time plaintiff's team was so badly injured that both horses had to be killed.

The train was at the time running at the speed of from 35 to 40 miles per hour. Plaintiff was not on the lookout for any trains and no warning was given him of the approach of this one.

At the trial the jury found a verdict in favor of the plaintiff for $2,000.

*W. Kernan,* for appellant. Plaintiff, as a co-employee of the servants through whose negligence it is claimed the accident occurred, is not entitled to recover. *Cook* v *S. & U. R. R. Co.*, 5 N. Y. 492 ; *Russell* v. *H. R. R. R. Co.*, 17 id. 134–153; *Boldt* v. *N. Y. C. R. R. Co.*, 18 id. 432; *Smith* v. *N. Y. C. R. R. Co.*, 24 id. 244 ; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 562. Plaintiff was guilty of contributory negligence and therefore ought not to recover. *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9 ; *Gonzales* v. *N. Y. C. & H. R. R. R. Co.*, 38 id. 440; *Baxter* v. *T. & B. R. R. Co.*, 41 id. 502 ; *Wilcox* v. *R. & W. R. R. Co.*, 39 id. 358.

*J. F. Seymour,* for respondent.

E. Darwin Smith, J. The plaintiff was not the servant, in the ordinary sense, of the defendant. He was employed by Conley, the defendant's track-master, at the place where the accident and injury occurred, to use his team temporarily during the day for a special

work, to scrape the snow from the defendant's railroad track, and while so employed received the injury for which this action was brought. He testified that Conley told him when he engaged him to work, that he would let him know the time the trains would come, and that he had no warning of the arrival of the train or any notice of any danger and heard no bell rung or whistle sounded.

The question whether this was the arrangement under which the plaintiff went to work was fairly submitted to the jury, and also the question of the plaintiff's want of due care or contributory negligence, and the verdict settles these questions.

There can be no doubt, we think, that the plaintiff had a right to rely upon the assurance of Conley that he would let him know when the trains were coming and that he might trust to such warning so as to be relieved from the necessity of being constantly on the watch himself for such trains, and we have no doubt Conley was fully authorized as incident to his right to employ laborers and set them at work for the defendant, to give such assurance.

We do not see why the verdict is not fully warranted by the evidence, and see no error in the ruling or charge at the circuit.

The order denying the motion for a new trial and the judgment should therefore be affirmed.

GILBERT, J., dissented.

*Judgment affirmed.*